STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. RYAN K. SHULTZ, RESPONDENT.

716 N.W.2d 45

Filed June 16, 2006. No. S-06-289.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Ryan K. Shultz. As indicated below,

the court accepts respondent's surrender of his license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on November 30, 1999. At all times relevant hereto, respondent was engaged in the private practice of law in Nebraska.

On March 15, 2006, an application for the temporary suspension of respondent from the practice of law was filed by the chairperson of the Committee on Inquiry of the Sixth Disciplinary District. The application stated that two grievances had been filed against respondent and were under investigation by the Counsel for Discipline. The application stated, in effect, that according to the grievances, respondent had repeatedly made false statements to clients regarding the status of pending legal matters he was handling for said clients and had provided to a client a judgment purportedly signed by a judge, when in fact no such judgment had been entered. The application further stated, in effect, that respondent "has engaged in and continues to engage in conduct that, if allowed to continue until final disposition of disciplinary proceedings, will cause serious damage to the public and to the members of the Nebraska State Bar Association."

On March 22, 2006, this court entered an order directing respondent to show cause why his license should not be temporarily suspended. A copy of the show cause order was served on respondent, and respondent filed an affidavit in response to the show cause order. On April 12, this court determined that respondent had failed to show cause why his license should not be temporarily suspended and ordered respondent's license to practice law in the State of Nebraska temporarily suspended until further order of the court.

On May 4, 2006, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent knowingly does not contest the truth of the allegations in the grievances to the effect that he repeatedly made false statements to clients regarding the status of their pending legal matters. In addition to surrendering his license,

respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not contest the truth of the allegations in the grievances to the effect that he repeatedly made false statements to clients regarding the status of their legal matters, including providing a client with a judgment purportedly signed by a judge, when in fact no such judgment had been entered, all in violation of applicable provisions controlling the conduct of attorneys. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent voluntarily has stated that he knowingly does not contest the truth of the allegations in the grievances to the effect that he repeatedly made false statements to clients regarding the status of their pending legal matters. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court.

Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.